UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MELINDA and MARK LOE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> WILLIE JETT, *et al.*, <br><br> *Defendants*. | Civil No. 0:23-cv-01527-NEB-JFD <br><br> **PLAINTIFFS CROWN COLLEGE AND UNIVERSITY OF NORTHWESTERN – ST. PAUL'S MOTION TO DISMISS DEFENDANT MINNESOTA DEPARTMENT OF EDUCATION'S COUNTERCLAIMS** |

Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), as well as Local Rule of Civil Procedure 7.1, Plaintiffs Crown College (Crown) and University of Northwestern – St. Paul (Northwestern) move to dismiss Defendant Minnesota Department of Education's (MDE) counterclaims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Plaintiffs are religious schools and families that wish to continue participating in Minnesota's Postsecondary Enrollment Options (PSEO) program. The PSEO program allows high school students to simultaneously earn high school and college credit at public or private postsecondary schools for free. But on May 24, 2023, Minnesota amended the law governing PSEO to exclude religious institutions from participating in the program if they require students to sign a

statement of faith or give preference in admissions to students who share the institutions' faiths. Minn. Stat. § 124D.09, subd. 3(a). Plaintiffs Crown and Northwestern are Christian higher education institutions that have faith-based admissions criteria and—under the amended law—are now ineligible to participate in the PSEO program. After Defendants agreed to a preliminary injunction that would allow Crown and Northwestern to maintain their longstanding admissions practices for the duration of this lawsuit, Defendants filed an amended answer that included MDE's counterclaims against Crown and Northwestern. These counterclaims alleged that the Schools' admissions policies violate the Constitutions of the United States and Minnesota, as well as the Minnesota Human Rights Act (MHRA).

MDE's counterclaims should be dismissed both as a jurisdictional matter and because they lack any merit. MDE cannot satisfy the basic requirements of Article III standing because it has alleged no injury to itself that is attributable to Plaintiff Schools' admissions policies. *See Animal Legal Def. Fund v. Vaught*, 8 F.4th 714, 718 (8th Cir. 2021). It has alleged harm only to high school students in Minnesota, and it has failed to allege facts that would support third-party standing. It has alleged neither a "close relation[ship]" to those allegedly injured students nor a hindrance to the ability of those students to protect their own interests. *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008). In addition, MDE independently lacks standing to pursue its

claims under the MHRA because it is neither an aggrieved party nor the Human Rights Commissioner—the only two parties authorized to bring a claim under the Act. *See* Minn. Stat. § 363A.33, subd. 1; *Krueger v. Zeman Const. Co.*, 781 N.W.2d 858, 862-63 (Minn. 2010). MDE's counterclaims should therefore be dismissed for lack of subject matter jurisdiction.

MDE's counterclaims are also meritless. Its claims under the Federal and Minnesota Constitutions fail because MDE has not alleged facts sufficient to transform Crown and Northwestern from private institutions into state actors. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982); *State v. Wicklund*, 589 N.W.2d 793, 801 (Minn. 1999). And MDE's claims under the MHRA fail because the MHRA exempts religious educational institutions, like Crown and Northwestern, from the provisions that MDE bases its claims on. *See* Minn. Stat. § 363A.26; *Doe v. Lutheran High School of Greater Minneapolis*, 702 N.W.2d 322, 330-31 (Minn. Ct. App. 2005). Finally, applying the MHRA in the manner MDE advocates would run afoul of the First Amendment's Religion Clauses and the First Amendment's right to expressive association and assembly. *See, e.g.*, *Bouldin v. Alexander*, 82 U.S. 131, 139-40 (1872); *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 659 (2000).

For the reasons above and set out in the accompanying memorandum, Plaintiff Schools respectfully request that the Court enter an order dismissing MDE's counterclaims with prejudice.

Pursuant to Local Rule of Civil Procedure 7.1(c)(1), Plaintiff Schools hereby file this motion along with a notice of hearing, a memorandum of law, a meet-and-confer statement, and a proposed order.

Respectfully submitted this 28th day of July, 2023.

/s/ Diana Verm Thomson
Diana Verm Thomson*
Eric S. Baxter*
Benjamin A. Fleshman*
The Becket Fund for Religious
   Liberty
1919 Pennsylvania Ave. NW,
   Suite 400
Washington, DC 20006
Telephone: (202) 955-0095
Facsimile: (202) 955-0090
dthomson@becketlaw.org
*Admitted pro hac vice

Emily E. Mawer
   (No. 0396329)
Dion Farganis
   (No. 0399219)
Lathrop GPM
80 South Eighth Street
500 IDS Center
Minneapolis, MN 55402

*Counsel for Plaintiff Schools*
