UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Melinda and Mark Loe, et al., | Case No. 23-cv-1527 (NEB/JFD) |
| Plaintiffs, | |
| v. | **BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY AND MODIFY SCHEDULING ORDER** |
| Willie Jett, et al., | |
| Defendants. | |

_____

## INTRODUCTION

Plaintiffs Crown College (Crown) and University of Northwestern—St. Paul (Northwestern) (collectively, Schools) sued the Minnesota Department of Education (MDE) and its Commissioner (collectively, Defendants) in 2023. The Schools contend that a newly-enacted state statute pertaining to Minnesota's Postsecondary Enrollment Options (PSEO) program violates their rights under the First and Fourteenth Amendments to the United States Constitution; and Article I, section 16 of the Minnesota Constitution. MDE subsequently counterclaimed, asserting that the Schools have violated these (and other) constitutional provisions, plus the Minnesota Human Rights Act (MHRA), in their provision of PSEO education to Minnesota high school students.

The parties have resolved myriad discovery disputes independently. Yet one persists, and Defendants now seek the Court's help addressing it. Namely, the Schools have refused to produce any records in response to four document requests that MDE propounded in December 2023. For the reasons that follow, this discovery must be

1

compelled, and good cause exists to extend each of the remaining case deadlines by three months so that Defendants have a full and fair opportunity to complete fact and expert discovery in this case.

## RELEVANT PROCEDURAL HISTORY

The Schools commenced this action on May 24, 2023. (ECF No. 1). Defendants filed an Answer on June 16, 2023, and an Amended Answer on July 7, 2023. (ECF Nos. 21, 27.) In the Amended Answer, MDE asserted counterclaims against the Schools under the federal and state constitutions and the MHRA.[1] The Schools subsequently moved to dismiss MDE's counterclaims; their motion was heard on November 6, 2023, and has yet to be decided. (ECF Nos. 34, 47.)

The Schools initially sought and obtained permission to immediately move for summary judgment without conducting any fact discovery. (ECF Nos. 24, 25.) By a Text-Only Order dated July 10, 2023, Judge Brasel revoked this permission in light of MDE's counterclaims and in the interests of judicial economy. (ECF No. 29.)

Undeterred, the Schools again pressed the Court to skip discovery in the parties' Fed. R. Civ. P. 26(f) Report. (ECF No. 30.) The Court ultimately determined that discovery is warranted and entered a Pretrial Scheduling Order on July 27, 2023. (ECF No. 33.)

---

[1] To preserve the status quo while this litigation is pending, the parties contemporaneously stipulated to entry of a preliminary injunction pausing enforcement of the legislation, which Judge Nancy E. Brasel adopted. (ECF Nos. 18-20.) Additionally, Minnesota Governor Tim Walz—originally named as a party defendant—was dismissed from this action on July 6, 2023. (ECF No. 23.)

Germane to this motion, the Pretrial Scheduling Order establishes a February 16, 2024 fact discovery deadline and the following limits on written discovery:

> No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side. No more than 25 document requests and no more than 50 requests for admissions shall be served by each side.

(*Id.* at p. 2, ¶¶ 2-3.)

MDE promptly served 13 interrogatories and 21 document requests on July 31, 2023.[2] In response to this written discovery, the Schools have produced 6,474 pages of documents to date—of which nearly half (3,171 pages) were not produced until January 23, 2024 (i.e., mere weeks before fact discovery closes—and three days before MDE was initially scheduled to depose Crown's Rule 30(b)(6) representative).[3] (Timmerman Decl. ¶¶ 4-5.)

Thereafter, in anticipation of conducting deposition discovery in January 2024, MDE served 10 additional interrogatories, 4 additional document requests, and 42 requests for admission on December 12, 2023. (*Id.* at ¶ 4) MDE also noticed Fed. R. Civ. P. 30(b)(6) depositions of Crown and Northwestern on December 12, 2023; these depositions were initially scheduled to occur on January 26 and 30, 2024, respectively. (*Id.*)

The parties have engaged in a good-faith dialog since September 2023 about what MDE perceives as deficiencies in the Schools' discovery responses. (*Id.* at ¶ 5.) Through

---

[2] *See* Declaration of Jeff Timmerman in Support of Minnesota Department of Education's Motion to Compel Discovery and Modify Scheduling Order (Timmerman Decl.) at ¶ 2. MDE's Requests for Production (Set 1) is annexed as Exhibit A to the Timmerman Decl.

[3] The Court entered a Protective Order in this case on August 31, 2023. (ECF No. 42.)

3

this process, the parties have collaboratively resolved disputes over several discovery requests. (*Id.*) While MDE acknowledges and appreciates the Schools' efforts in this regard, the parties have reached an impasse on the four document requests that are the subject of this motion.

## ARGUMENT

Federal Rule of Civil Procedure 37 empowers the Court to compel a party to cooperate with discovery and to sanction any party that fails to do so. Under Rule 37, a party seeking discovery may move for an order compelling an answer or production if the party from whom discovery is sought fails to answer an interrogatory or produce documents. Fed. R. Civ. P. 37(a)(3)(B)(ii)-(iv).

The School's conduct with respect to the four document requests at issue warrants the Court's exercise of its Rule 37 authority. *See Nelson v. Williams*, No. 13-cv-181 (PJS/LIB), 2013 WL 12303366, at *3 (D. Minn. Oct. 18, 2013) (reiterating that a plaintiff has "affirmative obligations as a litigant," including to participate in discovery) (citing *Brennan v. Qwest Commc'ns Int'l, Inc.*, No. 07-cv-2024 (ADM/JSM), 2009 WL 1586721, at *9 (D. Minn. June 4, 2009)). The Schools' failure to cooperate with discovery has deprived Defendants of a fair opportunity to investigate and defend against their claims, and stunted MDE's efforts to prosecute its counterclaims. *See id.* (granting motion to compel when plaintiff failed to answer interrogatories).

### I.   THE DISCOVERY AT ISSUE

Defendants seek relief on four document requests. In accordance with D. Minn. LR 37.1, for each request at issue, Defendants reproduce verbatim its text and the Schools'

4

corresponding response, and provide a concise statement of why the Schools' response is insufficient.

### A.    Document Request No. 22

MDE's Request No. 22: Enrollment records, syllabi, course materials, handouts, and student evaluations for all PSEO courses taught at Crown and Northwestern, respectively, during the Relevant Period.

The Schools' Response: Plaintiffs object to this request on the grounds that it is compound and incorporates multiple separate requests, including 1) a request for enrollment records for PSEO courses taught at Northwestern, 2) a request for enrollment records for PSEO courses taught at Crown, 3) a request for course materials related to PSEO courses taught at Northwestern, 4) a request for course materials related to PSEO courses taught at Crown, 5) a request for student evaluations for PSEO courses taught at Northwestern, and 6) a request for student evaluations for PSEO courses taught at Crown. This request thus exceeds Defendants' allowed limit of 25 Requests for Production as set out in the Court's July 27, 2023, Pretrial Scheduling Order. Plaintiffs also object to this request on the grounds that it is overly broad and unduly burdensome. Plaintiffs further object that the information sought is not proportional to the needs of the case, and the information requested is outside its possession, custody, or control. This request pertains to hundreds of classes over five years, and many of the materials requested are held by individual instructors, some of which no longer teach at the Plaintiff Schools. Plaintiffs also object that this request seeks documents not relevant to any party's claim or defense.

Concise Statement: That MDE's first through twenty-first requests for production (Timmerman Decl. Ex. A.) are not impermissibly compound cannot seriously be disputed; rather, each concerns a single subject matter. Thus, even if Rule 33(a)(1)'s "discrete subparts" provision applied to the calculation of document requests under Rule 34,[4] each of MDE's 21 prior document requests is thematically singular and counts as one request. *See Brand Advantage Grp., Inc. v. Henshaw*, No. 20-cv-0225 (JRT/HB), 2020 WL 5097107, at *8 (D. Minn. Aug. 28, 2020) ("The inclusion of detail in an interrogatory to

---

[4] Rule 34 contains no analog. *Compare* Fed. R. Civ. P. 33(a)(1); *with* Fed. R. Civ. P. 34(b).

5

make it clear what the interrogatory is intended to include is not the same thing as propounding a compound interrogatory that contains 'discrete subparts' that should be counted separately pursuant to Rule 33(a)(1)."); *Farmers Ins. Exchange v. West*, No. 11-2297 (PAM/JJK), 2012 WL 12894845, at *7 (D. Minn. Sept. 21, 2012) (noting that "interrogatory subparts are to be counted as one interrogatory … if they are logically and factually subsumed within and necessarily related to the primary question") (internal quotation marks and citations omitted); *Polaris Indus., Inc. v. CFMOTO Powersports, Inc.*, No. 10-cv-13028232 (JNE/JJG), 2012 WL 13028232, at *6 (D. Minn. Jan. 12, 2012) ("The primary inquiry, then, is whether there is a common theme through the interrogatory such that it is specific enough to notify the recipient as to what it seeks, but broad enough to include all information in that theme."); *see also* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2168.1 (3d. ed. 2010) (observing that subparts "directed at eliciting details concerning a common theme should be considered a single question" for purposes of Rule 33).

MDE's Request No. 22 also encompasses a single subject—records relating to PSEO courses taught at the Schools—and seeks several specific categories of records relating to this subject. Further, Request No. 22 is relevant to MDE's counterclaims alleging that the Schools discriminate against students based on protected characteristics in the delivery of PSEO, compel student speech, violate students' free exercise and expression rights, and impermissibly advance and endorse one particular religion. Request No. 22 is also relevant to MDE's defense that the legislation at issue is narrowly tailored to protect students from these ills. Based on discovery obtained to date, MDE reasonably

6

believes the materials Request No. 22 seeks will reveal that the Schools have openly flouted their obligation under the PSEO Act to provide nonsectarian PSEO education, and have violated high school students' civil rights in the process.[5] *See Zean v. eFinancial, LLC*, No. 19-cv-2958 (NEB/TNL), 2021 WL 1732261, at *3 (D. Minn. May 3, 2021) (noting that relevance is interpreted broadly, and the party seeking to compel production need only make "[s]ome threshold showing of relevance.") (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).

### B.     Document Request No. 23

MDE's Request No. 23: All communications during the Relevant Period between Crown and prospective or enrolled PSEO students, and between Northwestern and prospective or enrolled PSEO students, that reference, refer to, or relate in any way to faith, religion, prayer, sexual orientation, and/or gender identity.

The Schools' Response: Plaintiffs object that, due to earlier compound requests, this request exceeds Defendants' allowed limit of 25 Requests for Production as set out in the Court's July 27, 2023, Pretrial Scheduling Order. Plaintiffs further object to this request on the grounds that it is compound and incorporates multiple separate requests, including 1) communication between Crown and prospective PSEO students, 2) communication between Crown and enrolled PSEO students, 3) communication between Northwestern and prospective PSEO students, and 4) communication between Northwestern and enrolled PSEO students. Plaintiffs also object to this request on the grounds that it is overly broad and unduly burdensome. Plaintiffs also object that the information sought is not proportional to the needs of the case and that this request seeks documents not relevant to any party's claim or defense. Plaintiffs are Christian colleges, and this request would require Plaintiffs to produce every communication that even references that fact, as it would pertain to "faith" and "religion," which would require nearly every communication with every student since 2017.

---

[5] *See, e.g.*, the Spring 2021 Northwestern class syllabus annexed as Exhibit B to the Timmerman Decl., which provides in relevant part that "[a]ll students will participate in opening class with a *short devotional and prayer* (5 pts)" on which they are graded. (Emphasis in original). This is one of the PSEO courses that the Loes's and Ms. Erickson's children took at Northwestern. *See* Plaintiffs Crown College and University of Northwestern-St. Paul's Answers to Defendants' Second Set of Interrogatories, at Answers to Interrogatories Nos. 17 and 18, annexed as Exhibit C to the Timmerman Decl.

7

Concise Statement: MDE's Request No. 23 likewise encompasses a single subject—the Schools' communications with prospective and enrolled PSEO students—and is therefore proper. The communications Request No. 23 seeks are also relevant to MDE's counterclaims and defenses, as they may be direct evidence of the Schools' discrimination against and religious coercion of high school students.[6]

C.    Document Request No. 24

MDE's Request No. 24: All documents that memorialize, reference, refer to, or relate in any way to Crown's and Northwestern's respective standards, requirements, and expectations for curricula and student learning in PSEO courses.

The Schools' Response: Plaintiffs object that, due to earlier compound requests, this request exceeds Defendants' allowed limit of 25 Requests for Production as set out in the Court's July 27, 2023, Pretrial Scheduling Order. Plaintiffs also object to this request on the grounds that it is compound and incorporates multiple separate requests, including 1) Crown's standards, requirements, and expectations for curricula and student learning in PSEO courses, and 2) Northwestern's standards, requirements, and expectations for curricula and student learning in PSEO courses. Plaintiffs also object to this request on the grounds that it is overly broad and unduly burdensome. Plaintiffs further object that the information sought is not proportional to the needs of the case, and the information requested is outside its possession, custody, or control. Plaintiffs further object that this request seeks documents that are not relevant to any party's claim or defense.

Concise Statement: MDE's Request No. 24, too, embraces a single subject—the Schools' PSEO pedagogy. Request No. 24 operates in tandem with Request No. 22; MDE is entitled to learn whether the Schools' curricular guidelines impel discrimination in the classroom and promote proselytization of PSEO students.

D.    Document Request No. 25

MDE's Request No. 25: All materials that Crown and Northwestern have used during the Relevant Period to advertise or market their respective PSEO programs to

---

[6] Should the Court find Request No. 23 too broad, Defendants agree to narrow it to communications with prospective PSEO students only.

prospective PSEO students, the families of prospective PSEO students, secondary schools, homeschooling organizations, and/or churches.

<u>The Schools' Response</u>: Plaintiffs object that, due to earlier compound requests, his request exceeds Defendants' allowed limit of 25 Requests for Production as set out in the Court's July 27, 2023 Pretrial Scheduling Order. Plaintiffs also object to this request on the grounds that it is compound and incorporates multiple separate requests, including 1) advertising and marketing materials Crown has used and 2) advertising and marketing material Northwestern has used. Plaintiffs object to this request on the grounds that it is overly broad and unduly burdensome. Plaintiffs also object that the information sought is not proportional to the needs of the case, and that this request seeks documents not relevant to any party's claim or defense.

<u>Concise Statement</u>: Finally, Request No. 25 also has but one subject—the Schools' advertising of their respective PSEO programs. MDE is entitled to discover whether the Schools market their PSEO programs in a manner that promotes religion and intentionally excludes high schools students who belong to a protected class.

## II.    GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

Modification of a pretrial scheduling order requires a movant to demonstrate good cause. Fed. R. Civ. P. 16(b)(4); D. Minn. LR 16.3(b). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2002) (quotation omitted).

Here, MDE has diligently pursued perceived discovery deficiencies since September 2023, and resolved several discovery disputes along the way without Court involvement. (Timmerman Decl. ¶ 5.) Less than a month has elapsed since MDE learned that the Schools do not intend to produce any records responsive to its December 12, 2023

document requests. And the Schools produced more than 3,000 pages of documents just three days before Crown's 30(b)(6) deposition.[7]

The Schools' refusal to cooperate with discovery constitutes good cause for modifying the Scheduling Order. *E.g. Sultana v. Endeavor Air,* No. 21-cv-2364 (JWB/TNL), 2023 WL 2860559, at *3 (D. Minn. Apr. 10, 2023) (modifying scheduling order where defendant was diligent in attempting to meet case deadlines); *Nelson v. Am. Family Mut. Ins. Co.*, No. 13-cv-607 (SRN/SER), 2015 WL 12781060, at *2-3 (D. Minn. Dec. 30, 2015) (granting motion to compel and modifying scheduling order where defendants failed to timely produce "a good deal of responsive" records); *Ramirez v. Clinton*, No. 08-cv-5770 (DSD/JSM), 2010 WL 11646629, at *21 (D. Minn. June 18, 2010) (granting motion to compel and modify scheduling order filed on last day for fact discovery, where plaintiff "diligently pursued defendant to obtain a resolution of the discovery disputes in an effort to avoid bringing her motion"). MDE therefore requests that each of the remaining case deadlines—including, without limitation, the fact discovery, nondispositive, and dispositive motion deadlines—be extended by three months to permit it sufficient to time complete discovery.

---

[7] Crown's Rule 30(b)(6) witness was scheduled to deposed on January 26, 2024, leaving MDE's counsel less than three full days to review the 3,000+ documents the Schools produced on January 23, 2024, in preparation. (Timmerman Decl. ¶¶ 4-5.) The Schools' counsel graciously agreed to move this deposition to January 31, 2024 (Northwestern's Rule 30(b)(6) deposition is scheduled for January 30, 2024). These depositions will need to be continued if the Court grants this motion, so that MDE can inquire about records produced in response to the four document requests at issue. (*Id.* at ¶ 4.)

## CONCLUSION

For the foregoing reasons, MDE respectfully requests that its motion be granted and the Scheduling Order in this case be modified as requested.

Dated: January 25, 2024

KEITH ELLISON
Attorney General
State of Minnesota

s/ Jeff Timmerman
JEFF TIMMERMAN (#0352561)
MARTHA J. CASSERLY (#0148271)
MADELEINE DEMEULES (#0402648)
Assistant Attorneys General

445 Minnesota Street, Suite 1400
St. Paul, MN 55101-2131
(651) 583-7660 (Timmerman)
(651) 757-1214 (Casserly)
(651) 300-6807 (DeMeules)
jeffrey.timmerman@ag.state.mn.us
marty.casserly@ag.state.mn.us
madeleine.demeules@ag.state.mn.us

**ATTORNEYS FOR DEFENDANTS**

|#5691546-v2