UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MELINDA LOE and MARK LOE, on their own behalf and as next friends of their children R.L. and O.L.; DAWN ERICKSON, on her own behalf and as next friend of her child J.G.; CROWN COLLEGE; and UNIVERSITY OF NORTHWESTERN – ST. PAUL,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIE JETT, in his official capacity as Minnesota Commissioner of Education; and MINNESOTA DEPARTMENT OF EDUCATION,<br><br>Defendants. | Case No. 23-cv-1527 (NEB/JFD)<br><br>**SECOND AMENDED PRETRIAL SCHEDULING ORDER** |

This matter is before the Court on Plaintiffs' Unopposed Motion for Extension of Time (Dkt. No. 67). For the reasons set forth in the motion, and for good cause shown, the motion is GRANTED. The deadlines that have not expired in the Amended Pretrial Scheduling Order (Dkt. No. 63) are extended by 30 days, as follows.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. This order may be modified only upon a showing of good cause as required by Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3.

1

**FACT DISCOVERY: DEADLINES AND LIMITATIONS**

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **August 24, 2023.** If the parties plan to disclose the documents by a description by category and location of documents, they will exchange copies of the initial disclosure documents on or before **September 29, 2023.** These deadlines have passed.

2. Fact discovery shall be <u>commenced in time to be completed on or before</u> **March 18, 2024**. This deadline has passed.

3. No more than a total of **25 interrogatories**, counted in accordance with Rule 33(a), shall be served by each side. No more than **25 document requests** and no more than **50 requests for admissions** shall be served by each side.

4. No more than **5** fact depositions shall be taken per side. This total does not include expert depositions but does include depositions of organizational-designee depositions taken pursuant to Fed. R. Civ. P. 30(b)(6). An organizational-designee deposition shall count as 1 deposition, irrespective of the number of witnesses designated.

5. No Rule 35 medical examinations shall be taken.

6. Discovery of Electronically Stored Information.

   The parties have discussed issues about preservation and disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced. The parties will inform the Court of any issues that arise related to electronic discovery.

   The parties agree to produce Microsoft Excel and PowerPoint files in native format. No other form of electronically stored information ("ESI") will be produced in native format absent a showing of reasonable and particularized need.

   The parties further agree to produce ESI in a unitized searchable PDF format with accompanying load files, and that documents will be produced separately and not in a combined "omnibus" PDF or similar format. Each document produced will be Bates labeled by the producing party. Privilege logs will be produced only upon request and after production is substantially complete.

   The parties will further meet and confer regarding the search and review process(es) for ESI, including deduplication and the use of keyword searching.

   The parties will further meet and confer by **August 24, 2023** to discuss

   their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by **September 22, 2023**. These deadlines have passed.

7. Claims of Privilege or Protection.

   The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

**EXPERT DISCOVERY: DEADLINES AND LIMITATIONS**

1. Each side may call up to **2** initial expert witnesses. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

   a. Initial experts.

      i. The identity of any witness a party may use at trial to present evidence pursuant to Federal Rule of Evidence 702, 703, or 705 must be disclosed on or before **April 1, 2024**. This deadline has passed.

      ii. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **April 1, 2024**. This deadline has passed.

   b. Rebuttal experts.

      i. The identity of any witness who may testify solely to contradict or rebut evidence on the same subject matter identified by another party under Federal Rule of Civil Procedure 26(a)(2)(B) or (C) must be disclosed on or before **June 3, 2024**.

      ii. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **June 3, 2024**.

2. Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by **July 3, 2024**.

3

**DEADLINES FOR FILING MOTIONS**

1. All motions which seek to amend the pleadings or to add parties must be filed and served on or before **October 2, 2023**. This deadline has passed.

2. Non-dispositive motions and supporting documents which relate to fact discovery or related matters shall be filed and served on or before **March 18, 2024**. This deadline has passed.

3. Non-dispositive motions and supporting documents which relate to expert discovery shall be filed and served on or before **July 3, 2024**.

**NON-DISPOSITIVE MOTIONS: GUIDELINES**

When possible, the parties should bring discovery disputes to the Court using the Court's process for informal dispute resolution (IDR). One or both parties can contact the Court via phone or email to set a prompt (usually within 2-3 business days) telephone conference to discuss the issues. Two days before the hearing, the parties shall email (not file) the Court either a joint letter setting forth their respective positions or separate letters. If the parties submit separate letters, they must serve a copy on the opposing side unless they have received prior permission from the Court to submit the letters ex parte. Letters should be concise and focus on narrowing the issue in dispute as much as possible. Both sides must agree to use the informal process to resolve discovery disputes. If either side objects to using this process, a formal motion must be filed.

If formal non-dispositive motions are filed, they must comply with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, and be in the form prescribed by Local Rule 37.2. **Judge Docherty prefers not to receive courtesy copies, unless the motions contain or refer to documents that are not filed on ECF, in which case those documents should be emailed to**

**Docherty_chambers@mnd.uscourts.gov.** All non-dispositive motions shall be scheduled for hearing by calling the Judicial Assistant to Magistrate Judge Docherty, at 651-848-1180, prior to filing, except when all parties are in agreement that no hearing is required. Such an agreement shall be expressly set forth in the notice of motion. Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so.

A "meet and confer" requirement applies to IDR and formal motion practice. Parties must attempt to confer through personal contact (during the COVID pandemic, "personal contact" means by telephone), rather than solely through written correspondence or email. Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow the disagreement.

### **DISPOSITIVE MOTIONS: GUIDELINES AND DEADLINES**

All dispositive motions shall be filed by the moving party on or before **September 3, 2024**. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing procedures for the District of Minnesota and in compliance with Local Rule 7.1. Counsel shall schedule the hearing by calling Judge Brasel's Courtroom Deputy at 612-664-5050.

## **TRIAL**

This case shall be ready for a **jury** trial on **December 2, 2024.** The anticipated length of trial is **10** days.

Date: April 16, 2024            *s/ John F. Docherty*
                                JOHN F. DOCHERTY
                                United States Magistrate Judge