# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MELINDA and MARK LOE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>WILLIE JETT, *et al.*,<br><br>*Defendants*. | Civil No. 0:23-cv-01527-NEB-JFD<br><br>**CROWN'S AND NORTHWESTERN'S UNOPPOSED MOTION TO FILE ANSWER OUT OF TIME** |

Plaintiffs Crown College and University of Northwestern – St. Paul respectfully request permission to file their answer to Defendant Minnesota Department of Education's counterclaims out of time. The answer is attached as an exhibit to this motion.

MDE filed its counterclaims against Crown and Northwestern on July 7, 2023. Dkt. 27, MDE's Amend. Ans. & Countercl. Crown and Northwestern timely filed a motion to dismiss MDE's counterclaims on July 28, 2023. Dkt. 34, Pl. Mot. to Dismiss MDE's Countercl. While that motion was under consideration, the parties proceeded through fact discovery regarding both Plaintiffs' claims and MDE's counterclaims. This court denied the Schools' motion to dismiss on March 18, 2024, Dkt. 66, Order on Pl. Mot. to Dismiss MDE's Countercl., the same day that the parties were scheduled to complete fact discovery. *See* Dkt. 63, Am. Pretrial Sch. Order.

Under Federal Rule of Civil Procedure 12(a)(1)(A), Crown's and Northwestern's answer to MDE's counterclaims became due on April 1, 2024—the same day that initial expert disclosures and written reports were due. *See* Dkt. 63, Am. Pretrial Sch. Order. Amid the close of fact discovery and the opening of expert discovery, due to an oversight of counsel, Crown and Northwestern inadvertently failed to file their answer to MDE's counterclaims. Both Crown and Northwestern have continued to diligently engage with MDE regarding the ongoing expert discovery and remaining phases of the case.

On June 6, 2024, MDE informed Crown and Northwestern that they had not yet filed an answer to MDE's counterclaims and stated that MDE intended to request an entry of default if the Schools did not file an answer by June 13, 2024. Now, Crown and Northwestern respectfully request permission to file their answer out of time to facilitate the final resolution of this case. MDE states that it "does not consent but will not oppose [this] motion." MDE further states, however, that it "reserves its right to submit a brief on the motion."

Under Federal Rule of Civil Procedure 6(b)(1)(B), a district court may extend the time for a party to submit a filing "if the party failed to act because of excusable neglect." "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, ... late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993)). The decision is an equitable one, made considering "all relevant circumstances," including (1) the possibility of prejudice; (2) the length of delay and potential impact on judicial proceedings; (3) the reasons for the delay; and (4) whether the movant acted in good faith. *Id*. Here, all factors weigh in favor of granting the motion.

First, MDE has not suffered, and cannot suffer, prejudice because of the Schools' inadvertent delay in filing an answer. The Schools' motion to dismiss MDE's counterclaim alerted MDE to the School's main defenses in even greater detail than an answer. Moreover, all fact discovery regarding MDE's counterclaims was completed before the Schools' answer was even due. MDE has not raised any concerns regarding the absence of an answer, instead stating it will not oppose the motion, and only reached out to counsel one week ago on June 6. Since March, the Schools have continued to work with MDE during the ongoing expert discovery process, which will conclude on July 3, 2024. *See* Dkt. 68, Sec. Am. Pretrial Sch. Order.

Second, the answer is only ten weeks late, a delay that has no impact on any other proceedings. *Compare Chorosevic*, 600 F.3d at 947 (granting motion to file answer "over six months after the deadline passed"). Moreover, as dispositive motions are not due until September 3, 2024, *see* Dkt. 68, Sec. Am. Pretrial Sch. Order, MDE will have sufficient time with the Schools' answer before beginning the next phase of the case. Thus, no deadlines have been or will be affected by the delay.

Finally, the missed deadline was one of mere inadvertence, with the Schools having acted in good faith throughout this litigation and responding promptly to complete the filing once the error was brought to their attention. *See New Oil Christian Ctr. v. GuideOne Ins. Co.*, No. 23-cv-3916, 2024 WL 2023630, at *2 (D. Minn. May 7, 2024) (granting

3

motion to file delayed response in part because party had "demonstrated good faith in its actions since becoming aware of its failure to abide by the deadline").

These reasons for granting the motion are further "supported by the fact that [the Schools] have a meritorious defense," which is an important consideration. *Chorosevic*, 600 F.3d at 947. Also, denying leave to file out of time would impose "a severe penalty unmatched by any prejudice to [MDE]" and contravene "the judicial preference for adjudication on the merits, which goes to the fundamental fairness of the adjudicatory process." *Id.* (cleaned up). In most circumstances, this factor should be given significant weight. *See id.*

Because Crown and Northwestern have been actively engaged throughout the course of this litigation, and because their delay in filing causes no prejudice to MDE and no delays in the proceedings, Plaintiffs respectfully request permission to file their attached answer to MDE's counterclaims out of time.

Respectfully submitted this 12 day of June, 2024.

>                /s/ Diana Verm Thomson
>                Diana Verm Thomson*
>                Eric S. Baxter*
>                Benjamin A. Fleshman*
>                The Becket Fund for
>                  Religious Liberty

1919 Pennsylvania Ave. NW,
   Suite 400
Washington, DC 20006
Telephone: (202) 955-0095
Facsimile: (202) 955-0090
dthomson@becketlaw.org
*Admitted pro hac vice*

Richard C. Landon
   (No. 0392306)
Lathrop GPM
80 South Eighth Street
500 IDS Center
Minneapolis, MN 55402

*Counsel for Plaintiff Schools*