# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MELINDA and MARK LOE, on their own behalf and as next friends of their children R.L. and O.L.; DAWN ERICKSON, on her own behalf and as next friend of her child J.G.; CROWN COLLEGE; and UNIVERSITY OF NORTHWESTERN – ST. PAUL,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIE JETT, in his official capacity as Minnesota Commissioner of Education; and MINNESOTA DEPARTMENT OF EDUCATION,<br><br>Defendants. | Case No. 23-CV-1527 (NEB/JFD)<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

On December 9, 2024, the Court heard oral argument from the parties on their cross-motions for summary judgment. (ECF No. 131.) During the hearing, the Court asked the parties whether the amended text of the Postsecondary Enrollment Options Act (Minnesota Statute Section 124D.09, subdivision 3(a), as amended by H.F. 2497, 93d Leg. (Minn. 2023)), ("the Amendment") was severable in any way. The Court inquired regarding severability based on the Plaintiffs' own briefing, which described the

Amendment as containing two provisions: "the Faith Statement Ban" and "the Nondiscrimination Requirement." (*See* ECF No. 90 at 20.[1])

The Plaintiffs describe the Amendment's requirement that "[a]n eligible institution must not require a faith statement from a secondary student seeking to enroll in a postsecondary course under this section during the application process" as the Faith Statement Ban. (*Id*. (citing Minn. Stat. § 124D.09, subdiv. 3(a).) The Plaintiffs further characterize the Amendment's requirement that "[a]n eligible institution must not . . . base any part of the admission decision on a student's race, creed, ethnicity, disability, gender, or sexual orientation or religious beliefs or affiliations" as the Nondiscrimination Requirement. (*Id*. (citing Minn. Stat. § 124D.09, subdiv. 3(a).)

When asked directly by the Court, Plaintiffs maintained that the Amendment was not severable under Minnesota law. By contrast, Defendants stated that the Amendment could be severed. But neither party addressed the issue of severability in their briefings on the cross-motions for summary judgment. (*See* ECF Nos. 79, 90, 113, 118, 122, 123.)

The Court thus requests further briefing on whether the Amendment's Faith Statement Ban is severable from the Amendment's Nondiscrimination Requirement under Minnesota law.[2] *See* Minn. Stat. § 645.20; *State v. Cannady*, 727 N.W.2d 403, 408

---

[1] Page numbers reflect ECF pagination unless otherwise noted.

[2] The severability of a state statute is a matter of state law. *Leavitt v. Jane L.*, 518 U.S. 137, 139 (1996).

(Minn. 2007). The Court further requests that the parties address whether the Nondiscrimination Requirement, by itself, is constitutional.[3]

Defendants' brief is due January 17, 2025. Plaintiffs' response is due January 31, 2025.  Each parties' briefing must comply with District of Minnesota Local Rule 7.1(f).

Dated: December 17, 2024                    BY THE COURT:

                                                                 s/Nancy E. Brasel
                                                                Nancy E. Brasel
                                                                United States District Judge

---

[3] The Court recognizes that Plaintiffs' position is that the entire Amendment is unconstitutional, and that Defendants' position is that the entire Amendment is constitutional. Neither party waives their respective positions by submitting the requested supplemental briefing.