# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

MELINDA and MARK LOE,
*et al.*,

      *Plaintiffs*,

  v.

WILLIE JETT, *et al.*,

      *Defendants.*

Civil No. 0:23-cv-01527-NEB-JFD

## NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs respectfully submit this notice of supplemental authority regarding *Gracehaven, Inc. v. Montgomery County Department of Job and Family Services*, No. 3:24-cv-325, 2025 WL 1158079 (S.D. Ohio Apr. 21, 2025) (Exhibit 1) in support of their motion for partial summary judgment (ECF 87). There, the plaintiff, Gracehaven, Inc., is a Christian ministry that provided foster care services for girls who previously suffered abuse. *Id.* at *1. Defendant Montgomery County, Ohio had contracted with Gracehaven to provide "substitute care services" for the County's foster care system since 2017. *Id.* Gracehaven received public funds, including federal Title IV-E funds, for the services it provided. *Id.* In 2024, the County decided not to renew Gracehaven's contract because it had a "coreligionist hiring policy (*i.e.*, hiring individuals with the same religious beliefs)," which the County determined did not comply with "standard … non-discrimination provisions" in County contracts. *Id.* at *2.

On Gracehaven's motion for preliminary injunction, the court held that the County's decision likely "violated the Free Exercise Clause because it excluded Gracehaven from an otherwise available public benefit based on Gracehaven's choice to employ those who share the same faith." *Id.* The court determined that the "County-administered Title IV-E funding" was a "public benefit" "similar" to those at issue "in *Trinity Lutheran*, *Espinoza*, and *Carson*," which Gracehaven was "otherwise eligible" to receive. *Id.* at *3. Because a co-religionist hiring policy "is part of what gives religious organizations their religious character," the court concluded the County had excluded Gracehaven "solely based on its religious character and exercise." *Id.* This violated *Carson* and "trigger[ed] strict scrutiny." *Id.*

The court then held that the County's actions did not survive strict scrutiny. First, the court explained that the County was "limited to raising the justifications it cited at the time it made the decision." *Id.* (quoting *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 543 n.8 (2022)). Next, it concluded that the County's only justification for not renewing the contract was that it opposed Gracehaven's co-religionist hiring policy. That justification impermissibly "target[ed] religious conduct for distinctive treatment" and was not a compelling interest. *Id.* at *4 (quoting *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 546 (1993)). The court thus preliminarily enjoined Defendants "from denying or withholding public funds" from Gracehaven simply because the religious ministry "employs only coreligionists." *Id.* at *5.

2

Respectfully submitted,

Richard C. Landon
   (No. 0392306)
Lathrop GPM
80 South Eighth Street
500 IDS Center
Minneapolis, MN 55402

*/s/ Eric S. Baxter*
Eric S. Baxter*
   (DC Bar No. 479221)
Diana Verm Thomson*
Benjamin A. Fleshman*
Andrea R. Butler*
The Becket Fund for Religious
   Liberty
1919 Pennsylvania Ave., NW
   Suite 400
Washington, DC 20006
Telephone: (202) 955-0095
Facsimile: (202) 955-0090
* *Admitted pro hac vice*

*Counsel for Plaintiffs*