UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MELINDA and MARK LOE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> WILLIE JETT, *et al.*, <br><br> *Defendants*. | Civil No. 0:23-cv-01527-NEB-JFD <br><br> **DECLARATION OF GENE C. SCHAERR** |

1. My name is Gene Schaerr. I am over the age of 18 and have personal knowledge of the contents of this declaration.

2. I am a Partner with the law firm of Schaerr | Jaffe LLP, which is based in Washington, D.C.

3. Before that, I was a Partner with the law firm of Winston & Strawn LLP, where I founded the Appellate and Critical Motions Practice Group in the firm's Washington, D.C. office. I was the chair of the firm's nationwide appellate practice from 2005 to 2014, during which time the practice group received numerous professional recognitions.

4. Before my time at Winston & Strawn, I was a Partner with the law firm of Sidley Austin Brown & Wood, LLP, where I was the Co-Chair

1

of the firm's Religious Institutions Practice Group for approximately ten years.

5. I began my law practice in 1987 following clerkships on the United States Supreme Court for Chief Justice Warren Burger and Justice Antonin Scalia, and on the U.S. Court of Appeals for the D.C. Circuit for then-judge Kenneth Starr.

6. Over the course of my career, I have become an expert in the areas of constitutional law and religious freedom at both the trial and appellate levels. I have argued seven cases before the Supreme Court and have been counsel of record in over 100 cases at the Supreme Court.

7. Given my experience, I have become familiar with the billing rates for attorneys at my firm and other firms with federal trial and appellate litigation expertise.

8. I am also familiar with the billing rates charged by expert attorneys that practice constitutional law at the trial and appellate levels.

9. As part of my experience as a litigator in constitutional and civil-rights cases, I have become familiar with the work of the Becket Fund for Religious Liberty. I have worked with them directly as co-counsel on cases at the Supreme Court and federal courts of appeals and have also filed amicus briefs in federal appellate cases where they have been counsel of record.

10. Becket attorneys are well-known as expert religious liberty litigators at the United States Supreme Court. In my estimation, they are the

best law firm in the nation specializing in religious liberty litigation. Over the last fifteen years, they have prevailed in ten merits cases at the Supreme Court on behalf of clients from a wide variety of religious traditions, including two cases just this past year.

11. Becket has also achieved significant success in federal appellate courts and state supreme courts. Since 2022 alone, Becket secured precedent-setting victories in religious liberty cases at the Indiana Supreme Court, the D.C. Circuit, the Fourth Circuit, the Fifth Circuit, the Seventh Circuit, the Eighth Circuit, four times at the Ninth Circuit, including an *en banc* victory, and the Eleventh Circuit.

12. For its successful advocacy at appellate courts across the nation, Becket was recognized by the National Law Journal as a 2020 member of the "Appellate Hot List." Becket is the first non-profit law firm ever chosen for this list.

13. I understand that Becket was retained to assist with this case, which was related to Becket's work on First Amendment issues – including those arising under the Amendment's Free Exercise Clause – in access for religious schools to public programs. These issues are at the cutting edge of Free Exercise law. Courts across the country are still grappling with the precise contours of the Supreme Court's recent holding that "a State violates the [First Amendment's] Free Exercise Clause when it excludes religious observers from otherwise available public benefits." *Carson v. Makin*, 596 U.S. 767, 788 (2022). The Minnesota

3

legislature enacted the challenged Amendment here mere months after the Supreme Court issued its decision in *Carson*. The challenges to Minnesota's law were thus in uncharted territory, involving serious questions regarding the types of constraints on religious participation in government programs comports with the Free Exercise Clause.

14. Becket is a leading law firm in developing the law in this area. At the same time it was representing the plaintiffs in this case, Becket secured a significant Free Exercise victory in *Loffman v. California Department of Education*, 119 F.4th 1147 (9th Cir. 2024), which involved the same First Amendment issues, and is actively litigating multiple other similar cases across the country. *See, e.g.*, *St. Mary Catholic Par. in Littleton v. Roy*, No. 24-1267, 2025 WL 2778161, at *7 (10th Cir. Sep. 30, 2025); *St. Dominic Acad. v. Makin*, 744 F. Supp. 3d 43 (D. Me. 2024), appeal filed Aug. 16, 2024. Becket's experience in this area and expertise in religious liberty litigation would be invaluable in a case like this one.

15. The Minnesota Department of Education's counterclaims further increased the level of expertise and commitment needed to litigate this case. These counterclaims complicated the litigation and necessitated additional fact-intensive inquiries requiring the legal expertise needed to keep discovery focused and to determine the material facts. That's especially so where, as here, the Department chose to "litigate tenaciously" to press its counterclaims. *City of Riverside v. Rivera*, 477 U.S. 561, 580 n.11 (1986). Yet Becket significantly narrowed the reach of the Department's

4

attempts to seek irrelevant discovery into Crown College's and University of Northwestern–St. Paul's internal operations—including through a hearing before a magistrate judge—and prevailed decisively on its own motion for summary judgment while also defeating the defendants' motion. Becket's expertise made this possible.

16. Additionally, based on my experience at international law firms, given the controversial subject matter of this case, the lack of damages, and the fact that half the plaintiffs are individual families, it would be incredibly difficult to bring in experienced counsel necessary to litigate a constitutional case like this one. Most firms with the requisite experience would be either unable or unwilling to file and prosecute this lawsuit.

17. I have reviewed the billing rates sought by Becket attorneys in the above-captioned matter in support of Plaintiffs' motion for fees. Based on my experience in this area of the law, it is my opinion that the rates Becket proposes for its attorneys are reasonable for the D.C. area.

18. Indeed, Becket's proposed billing rates are lower than the rates my firm and other firms at which I have worked would charge their clients for attorneys of comparable seniority and expertise on a similar matter.

19. They are also lower than rates charged by comparable practitioners. Thomas Goldstein of Goldstein & Russell, P.C., sought fees in 2018 based on a rate of $1,350/hour. Decl. of Eric F. Citron at 7, *Torres v. SGE Mgmt., LLC*, No. 4:09-cv-2056 (S.D. Tex. Aug. 31, 2018), Dkt. No. 295-1.

A declaration submitted in support of that rate explained that other Supreme Court practitioners such as Ted Olson and Christopher Landau charged $1,800/hour and $1,495/hour, respectively. *Id.* And of course, billing rates have increased substantially in the past seven years.

20. Other large law firm practitioners currently charge higher rates, including between $1,550-$2,100/hour for law firm partners and between $900-$1,130/hour for associates. *See* Mem. in Supp. of Pls.' Mot. for Att'y's Fees & Costs at 14-15, *His Tabernacle Family Church, Inc. v. James*, No. 6:22-cv-06486 (W.D.N.Y. Feb. 18, 2025), Dkt. No. 86-1. In my experience and observation, these rates are at the low end of the current market.

21. In a 2022 bankruptcy case in the District of New Jersey, the Department of Justice noted the prevailing rates at numerous large law firms, including Hogan Lovells US LLP ("Hogan Lovells"); Jones Day; Skadden Arps Slate Meager & Flom LLP ("Skadden"); Weil, Gotshal & Manges LLP ("Weil"); King & Spaulding, LLP; Shook Hardy & Bacon, LLP; and Orrick, Harrington & Sutcliffe, LLP ("Orrick"). Objection of the U.S. Tr. to Debtor's Application for Retention of Hogan Lovells as Special Couns., *In re: LTL Mgmt. LLC*, No. 21-30589 (Bankr. D.N.J. May 20, 2022), Dkt. No. 2324.

22. At Hogan Lovells, the discounted hourly rate for partners was between $950 and $2,465/hour, the discounted hourly rate for counsel was between $910 and $1,735/hour, and the discounted rate for associates was between $605 and $1,055/hour. *Id.* ¶ 21.

23. Though the Department of Justice objected to the Hogan Lovells rates, it did not object to the rates of other large law firms that charged rates higher than Becket proposes for the above-styled case. Jones Day billed at a rate up to $1,350/hour; Skadden's hourly range for partners was $900 to $1,875/hour; Weil's hourly range for partners was $1,150 to $1,795/hour; and Orrick's hourly range for counsel and partners was $805 to $1,750/hour. *Id.* ¶ 23.

24. I understand that the expert rates Becket is proposing for its attorneys on this case are as follows:

|  | **Expert Rate** |
|---|---|
| Andrea Butler ('19) | $826/hour |
| Ben Fleshman ('20) | $708/hour |
| Diana Thomson ('09) | $1,188/hour |
| Eric Baxter ('00) | $1,404/hour |
| Kelly Oeltjenbruns ('18) | $826/hour |
| Reed Bartley ('21) | $708/hour |
| Rich Osborne ('22) | $648/hour |
| Paralegals | $258/hour |

25. I understand that Becket's rates here are comparable to its customary rates achieved in other fee petitions. *See, e.g.*, Order Granting Mot. for Attorney's Fees, *InterVarsity Christian Fellowship v. Univ. of Iowa*, No. 3:18-cv-80 (S.D. Iowa Nov. 18, 2021), Dkt. No. 101; Order

7

Granting Mot. for Attorney Fees, *BLinC v. Univ. of Iowa*, No. 3:17-cv-80 (S.D. Iowa Nov. 10, 2021), Dkt. No. 147; Order and Opinion, *Franciscan All., Inc. v. Becerra*, No. 7:16-cv-108 (N.D. Tex. July 11, 2023), Dkt. No. 229.

26. In light of the religious liberty and Free Exercise expertise that these lawyers brought to the task, the market rates for experts in this area of the law more broadly, the difficulty of retaining comparable counsel in a case like this one, and the degree of success obtained, Becket's rates are eminently reasonable.

I declare under penalty of perjury under the laws of the United States of America and of this Court that the foregoing is true and correct.

Dated: November 21, 2025

Gene C. Schaerr
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, D.C. 20006